**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4512**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAM COMMANDER, JR.,

Defendant - Appellant.

---

**No. 07-4513**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAM COMMANDER, JR.,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:02-cr-00947; 3:06-cr-00747)

---

Submitted: October 24, 2007      Decided: November 1, 2007

---

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On December 6, 2002, Sam Commander, Jr. pled guilty to conspiring to obtain stolen vehicles in violation of 18 U.S.C. § 371 (2000). Commander was sentenced to five years of probation. Commander was subsequently charged with conspiracy to commit bank fraud, in violation of 18 U.S.C.A. §§ 1344 (2000) and 1349 (West 2000 and Supp. 2007) for his participation in a check kiting scheme. Pursuant to a plea agreement, Commander pled guilty to the sole count in the indictment on November 20, 2006. The probation office then issued a petition for a warrant or summons for Commander, alleging that his conviction for conspiracy to commit bank fraud violated the terms of his probation.

On April 19, 2007, the district court held a sentencing hearing for Commander's new conviction and a probation revocation hearing. Prior to the hearing, the probation office prepared a presentence investigation report and a probation violation report. In Commander's presentence report, the probation officer calculated an advisory guidelines range of twenty-seven to thirty-three months. In the probation violation report, a different probation officer determined that, pursuant to USSG § 7B1.1, conspiracy to commit bank fraud constituted a Grade B violation. The officer then recommended a sentence of twelve to eighteen months' imprisonment based on USSG § 7B1.4(a).

- 3 -

At Commander's hearing, the district court, after hearing no objection from either counsel regarding the officer's calculations, adopted the presentence report and sentenced Commander to twenty-seven months' imprisonment for his conviction of conspiring to commit bank fraud. The district court then revoked Commander's probation and sentenced him to a consecutive term of twelve months' imprisonment, in conformity with the probation officer's calculation in the probation violation report. Commander timely noted his appeal to both his conviction for conspiring to commit bank fraud and his revocation of probation. Commander's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and questions whether: (1) the district court complied with Fed. R. Crim. P. 11 in accepting Commander's guilty plea; (2) the district court abused its discretion in revoking Commander's probation; and (3) the sentence imposed by the district court was reasonable.[*] We affirm the judgment of the district court.

Under Fed. R. Crim. P. 11(b), a district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the sentencing guidelines; the defendant's right to an attorney;

---

[*]Commander was informed of his right to file a pro se supplemental brief. He has elected not to do so.

his right to plead not guilty; his right to be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; and his right against self-incrimination. The court must also advise the defendant that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that his plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2), and determine whether a factual basis exists for the plea under Rule 11(b)(3). Our review of the record reveals that the district court conducted a thorough inquiry pursuant to Rule 11.

Commander next questions whether the district court abused its discretion in revoking his supervised release. A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). A district court need only find a violation by a preponderance of the evidence to revoke a defendant's supervised release. 18 U.S.C.A. § 3583(e)(3) (West 2000 and Supp. 2007). Here, Commander knowingly and intelligently pled guilty to conspiring to commit bank fraud; Commander committed his new offense while on supervised release. Accordingly, the district court did not abuse its discretion in revoking Commander's supervised release.

Finally, Commander questions whether his sentence is reasonable. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court must engage in a multi-step process at sentencing. After calculating the correct advisory guidelines range, the sentencing court must consider the guidelines range, any relevant factors set forth in the guidelines, and the factors in 18 U.S.C.A. § 3553(a) (West 2000 and Supp. 2007); then the court may impose sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). On appeal, this court reviews a sentence to determine whether it is reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). A post-Booker sentence may be unreasonable for procedural or substantive reasons. However, a sentence that falls within a properly calculated advisory guidelines range is presumed to be reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

On the basis of the record presented to this court, we cannot conclude that Commander's sentence of twenty-seven months, at the low end of his guidelines as calculated by the district court, was unreasonable. The district court specifically considered the advisory nature of the guidelines, the factors in § 3553(a), Commander's cooperation in the bank fraud case, and Commander's declining health. The court also considered defense counsel's argument that the two sentences should run concurrently;

however, the court determined that consecutive sentences at the low end of Commander's guideline ranges was the appropriate outcome.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Commander, in writing, of the right to petition the Supreme Court of the United States for further review. If Commander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Commander.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>